GRUZENSKIE v. SCHREYER.

(Supreme Court, Appellate Term, First Department.   March 4, 1915.)

COVENANTS (§ 96*)—AGAINST INCUMBRANCES—BREACH.

    Where the debt for work done on premises, before they were conveyed to plaintiff with covenant against incumbrances, was a debt for which plaintiff was primarily liable, and a mechanic's lien had been filed therefor at the time of the conveyance, plaintiff, having discharged the lien,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

could not recover therefor on the covenant against incumbrances, since he could not be damaged by paying his own debt.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 111–129; Dec. Dig. § 96.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Meyer B. Gruzenskie against John F. Schreyer. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Louis Wendel, Jr., of New York City (Robert J. Robeson, of New York City, of counsel), for appellant.

Locker & Locker, of New York City (Bernard H. Bernstein, of New York City, of counsel), for respondent.

PENDLETON, J.   The action is brought to recover for the breach of a covenant against incumbrances. Defendant executed a deed, dated February 10, 1912, of the premises, with a covenant against incumbrances, except a mortgage of $18,000. March 1, 1912, plaintiff executed a similar deed to the Cawston Construction Company. These deeds both omitted in the description the front line of the premises, and on March 8, 1912, defendant executed to plaintiff another deed, with a correct description, but without any covenant against incumbrances, and on the same day plaintiff executed a similar deed to the Cawston Construction Company, except that it specifically said "subject to accrued interest and incumbrances," without stating any amount. Both said deeds state a consideration of $1 and recite they were given to correct a mistake in the former deed, and all four deeds were recorded.

It is conceded that at the date of the deeds there was a lien for unpaid taxes of about $180 and interest, and a mechanic's lien filed against the property for about $113. The latter alleged a claim for hire of teams against plaintiff as a contractor doing work on the premises prior to the deed to plaintiff. Plaintiff claimed to have paid the taxes and this lien, and the court held in his favor on the evidence, although it is not possible to see how the amounts found due were arrived at. He only paid $113 for the lien. Plaintiff also claimed that the second deeds were only to correct the description in the first deeds, and were not intended to take the place of, or be a substitute for, the first deeds. The trial court held in his favor on sufficient evidence to sustain the finding. The validity of the lien is questioned, but it is uncontradicted that the debt was a liability of plaintiff's, for which he was primarily liable, and he could not be damaged by paying his own debt. He was bound to pay the debt anyhow, and in such case cannot recover for that under the covenant.

Judgment should be modified, by reducing it to the amount of the taxes paid, viz., $192.96, with interest from September 14, 1912, and costs, and, as so modified, affirmed, but without costs in this court. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes